UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MS. M., individually and as parent and legal guardian of O.M., a minor,<br><br>       Plaintiff<br><br>v.<br><br>FALMOUTH SCHOOL DEPARTMENT,<br><br>       Defendant | )<br>)<br>)<br>)<br>)<br>)  No. 2:15-cv-16-DBH<br>)<br>)<br>)<br>)<br>)<br>) |

*MEMORANDUM DECISION AND ORDER ON*
*MOTION TO SUPPLEMENT THE RECORD*

Ms. M., individually and as parent and legal guardian of O.M., moves to supplement the record in this case, which arises under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, with evidence bearing on O.M.'s status and condition since the conclusion of administrative due process proceedings in October 2014. *See* Plaintiff's Motion To Permit Presentation of Additional Evidence ("Motion") (ECF No. 11) at [1]. She offers three affidavits − hers and those of Kathleen Coffin, who tutored O.M. privately, and Victoria Papageorge, an educational consultant. *See* Declaration of Victoria Papageorge ("Papageorge Decl.") (ECF No. 11-1), Declaration of Ms. M. ("Ms. M. Decl.") (ECF No. 11-2), and Declaration of Kathleen Coffin ("Coffin Decl.") (ECF No. 11-3), all attached to Motion.

Defendant Falmouth School Department ("District") objects to the proposed supplementation in its entirety. *See* Defendant's Objection to Plaintiff's Motion To Permit Presentation of Additional Evidence ("Objection") (ECF No. 12) at 2. In the alternative, it requests that, if the court grants the Motion as to the Coffin and/or Papageorge evidence, the court order Ms. M. to produce the Coffin and/or Papageorge evaluation reports to the District and allow the

1

District to supplement the record with rebuttal evidence and/or provide it with an opportunity to depose those witnesses. *See id.* at 6 n.4, 8 n.6; *see also* Coffin Decl. ¶ 6 ("On April 11, 2015, I assessed O.M. to evaluate her reading progress since our instructional sessions terminated in November 2014."); Papageorge Decl. ¶ 4 ("I recently evaluated O.M. to assess her current reading skills and progress."). To the extent that the court grants the Motion, the District also generally seeks the opportunity to supplement the record with evidence of O.M.'s progress, including the "sworn deposition(s) of District staff who have been working with the student." Objection at 10.[1]

For the reasons that follow, I grant the Motion in part, with respect to the testimony of Ms. M. and Coffin, and otherwise deny it. I also grant, without objection, the District's request to depose Coffin, *see id*. at 6 n.4.; Motion at [6]-[7], and deem its request for her evaluation report moot in view of Ms. M.'s representation in her reply brief that Coffin has created no formal evaluation report, *see* Reply Memorandum in Support of Plaintiff's Motion To Permit Presentation of Additional Evidence ("Reply") (ECF No. 13) at 3 n.3. The deposition of Coffin, which shall be limited to the subject matter of her affidavit, shall be completed no later than August 28, 2015, and the transcript of that deposition shall be filed on ECF as soon as possible thereafter and shall supersede her affidavit. On the showing made, I deny the District's vague request to supplement the record with rebuttal evidence, without prejudice to its renewal in the form of a motion to be filed no later than August 28, 2015, within the parameters discussed below.

## I. Applicable Legal Standards

The action is brought pursuant to 20 U.S.C. § 1415, which provides, in relevant part, that a party aggrieved by the decision of a hearing officer with respect to the free public education provided to a disabled child may bring an action in federal court in which the court "shall hear

---

[1] It is not clear whether the District meant to offer their "sworn *declarations*." However, nothing turns on any error.

additional evidence at the request of a party[.]" 20 U.S.C. § 1415(i)(2)(C). The First Circuit has interpreted this statutory language to require a reviewing court to grant a party leave to present additional evidence only when that party presents "solid justification" for such supplementation of the record. *Roland M. v. Concord Sch. Comm.,* 910 F.2d 983, 996 (1st Cir. 1990). It has elaborated:

> As a means of assuring that the administrative process is accorded its due weight and that judicial review does not become a trial *de novo*, thereby rendering the administrative hearing nugatory, a party seeking to introduce additional evidence at the district court level must provide some solid justification for doing so. To determine whether this burden has been satisfied, judicial inquiry begins with the administrative record. A district court should weigh heavily the important concerns of not allowing a party to undercut the statutory role of administrative expertise, the unfairness involved in one party's reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources.

*Id.* (citation and internal punctuation omitted).

> The First Circuit has observed:
>
> The reasons for supplementation will vary; they might include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing. The starting point for determining what additional evidence should be received, however, is the record of the administrative proceeding.

*Town of Burlington v. Department of Educ.*, 736 F.2d 773, 790 (1st Cir. 1984), *aff'd*, 471 U.S. 359 (1985). Ms. M. invokes the need to submit evidence concerning relevant post-hearing events, arguing that her evidence "bears on the difficulties O.M. continues to experience as a student with Down Syndrome who is receiving inappropriate reading instruction." Motion at 1.

## II.   Factual Background

On June 13, 2014, Ms. M. filed a request for a due process hearing on behalf of O.M. Administrative Record ("Record"), Vol. XII at 2636. The issues presented included, in relevant part, whether the defendant had failed to provide O.M. with a free appropriate public education

("FAPE") during the 2013-14 academic year and, if so, (i) what changes, if any, were necessary to ensure that O.M. received a FAPE during the 2014-15 school year and (ii) whether Ms. M. was entitled to reimbursement of her costs associated with Lindamood Bell literacy tutorials. *Id*. at 2637. A due process hearing was held on September 5, 8, 9, and 12, 2014, during which seven witnesses testified, including psychological evaluator Christopher Kaufman, Ph.D., Coffin, who had been O.M.'s Lindamood Bell tutor, and Ms. M. *Id*. at 2635.

By decision dated October 14, 2014, the hearing officer ruled, in relevant part, that although the District had committed a procedural violation during the 2013-14 school year by failing to provide O.M. with literacy instruction through the so-called "SPIRE" program, as required by her individualized education plan ("IEP"), its implementation of the IEP, as a whole, nonetheless provided O.M. with a FAPE. *Id*. at 2664, 2676. He, therefore, did not reach the questions of what changes were necessary for the 2014-15 school year and whether Ms. M. was entitled to reimbursement of costs for private tutoring. *Id*. at 2676. He rejected Ms. M.'s argument that the defendant's offer of the SPIRE program, instead of the Lindamood Phoneme Sequencing ("LiPS") program recommended by Dr. Kaufman, deprived O.M. of a FAPE. *Id*. at 2669-72. He noted, *inter alia*, that "Dr. Kaufman testified that although SPIRE has less direct research support, its construction is based upon research done on its programmatic elements and is a program that he believes is reasonably calculated to benefit the Student." *Id*. at 2671.

### III. Discussion

Ms. M. seeks to supplement the record with her testimony as well as that of Coffin and Papageorge through the affidavits attached to her Motion or through examination and cross-examination at deposition or, if necessary, in open court. *See* Motion at [6]-[7]. For the reasons that follow, I conclude that she presents the requisite "solid justification[,]" *Roland M.,* 910 F.2d

4

at 996, for supplementation of the record with her own testimony and that of Coffin, but not for that of Papageorge.

### A. Proposed Parent, Tutor Testimony

The District contends that the court should decline to permit the proposed testimony of Ms. M. and Coffin because it is either cumulative of their testimony at hearing, or irrelevant. *See* Objection at 5-8.

The District observes that Ms. M. and Coffin repeat testimony they gave at hearing to the effect that O.M. made great strides while being tutored by Coffin using the LiPS program and that the SPIRE program would be inappropriate for her. *See id*. at 5; *compare* Ms. M. Decl. ¶¶ 6-8, 11, 13-14 *with* Record, Vol. XIII at 2800-01; *compare* Coffin Decl. ¶¶ 9-18 *with* Record, Vol. XIII at 2716-23, 2728-31. It acknowledges that their testimony regarding O.M.'s asserted post-hearing lack of progress since stopping LiPS and starting SPIRE is new but argues that it is irrelevant, both because courts have a limited role to play in intervening in a school's choice of educational methodology and because the relevant question is whether O.M.'s programming was *reasonably calculated* to confer a benefit, not whether it actually did. *See* Objection at 6-8; Ms. M. Decl. ¶¶ 6, 9-10, 13-14; Coffin Decl. ¶¶ 6-7, 9-11, 15-16. It adds that, because Coffin discusses a post-hearing evaluation of O.M. that has not yet been provided to O.M.'s IEP team, Ms. M. "should not be permitted to circumvent the IEP team process by having the court decide matters before they have been presented for consideration to the team." Objection at 9-10.

While there is some cumulative testimony in the Ms. M. and Coffin declarations, it merely serves as background for the key evidence – that concerning O.M.'s progress, or lack thereof. *See generally* Ms. M. Decl.; Coffin Decl. As Ms. M. notes, *see* Motion at [2]-[6]; Reply at 5, this court has held such progress evidence relevant to the question of whether an IEP was reasonably

5

calculated to provide a student with a FAPE, *see, e.g., C.G. & B.S. ex rel. A.S. v. Five Town Cmty. Sch. Dist.*, 436 F. Supp.2d 181, 186 (D. Me. 2006) ("[I]n the context of review of decisions concerning both the adequacy of IEPs and eligibility for special services, courts have erred on the side of admitting evidence reflecting a child's post-hearing status on the theory that the proffered information might shed light on the reasonableness of (and thus be relevant to) the earlier decision.") (citation and internal quotation marks omitted).

Such after-acquired "progress evidence" is admitted only for that limited purpose, given that "neither the [IDEA] nor reason countenance Monday Morning Quarterbacking in evaluating the appropriateness of a child's placement [or whether an IEP is reasonably calculated to provide a FAPE]." *Susan N. v. Wilson Sch. Dist.*, 70 F.3d 751, 762 (3d Cir. 1995) (citation and internal punctuation omitted).

That Ms. M. challenges the District's choice of educational methodology does not render the proposed supplemental evidence irrelevant. Ms. M. contends that "in order for the District to provide O.M. with FAPE, [it] must provide her with instruction in the LiPS program." Reply at 4. Although the First Circuit has made clear that "[i]t is difficult to prevail on a claim of this nature[,]" it has not said that it is impossible. *Lessard v. Wilton-Lyndeborough Coop. Sch. Dist.*, 518 F.3d 18, 28 (1st Cir. 2008). The proposed testimony clearly is relevant to Ms. M.'s theory of the manner in which the defendant allegedly denied a FAPE to O.M.

Finally, the fact that the IEP team has not been afforded the chance to evaluate Coffin's most recent assessment does not counsel against admission of the evidence. The District argues that, just as a plaintiff cannot challenge the substance of a post-hearing IEP team decision for the first time in court, Ms. M. should not be permitted to circumvent the IEP team process by having the court decide matters not yet presented for consideration by the team. *See* Objection at 10

(citing *Crocker v. Tennessee Secondary Sch. Athletic Ass'n*, 873 F.2d 933, 935 (6th Cir. 1989); *Mr. & Mrs. Doe v. Cape Elizabeth Sch. Dep't,* No. 2:13-cv-407-JDL, 2014 WL 2968111 (D. Me. June 30, 2014)).

Yet, the analogy is imperfect. *Tennessee* and *Cape Elizabeth* concerned parents' failure to exhaust administrative remedies. *See Tennessee*, 873 F.2d at 934-95 (dismissing case when plaintiffs failed to avail themselves of administrative remedies for claimed denial of a FAPE to their son); *Cape Elizabeth*, 2014 WL 2968111, at *2 (declining to admit supplemental evidence bearing on defendant's implementation of IEP, with respect to which the plaintiffs had not exhausted administrative remedies). Ms. M. seeks to introduce the evidence at issue for the purpose of shedding light on "the legal sufficiency of the IEP[,]" *Cape Elizabeth*, 2014 WL 2968111, at *2, a subject matter with respect to which she has exhausted her administrative remedies. That is permissible.

### B. Proposed Expert Testimony

Ms. M. also seeks to supplement the record with the testimony of Papageorge regarding the results of testing that Papageorge recently administered to O.M. "to assess her current reading skills and progress[,]" Papageorge Decl. ¶ 4, and Papageorge's opinions that O.M. should receive specialized reading instruction using the LiPS program and a related Seeing Stars program and that the SPIRE program is not appropriate for her because "[i]t does not address her deficits in phonological awareness, phonological memory, and visual processing[,]" *id*. ¶¶ 11-12.

The defendant protests that this evidence is cumulative in that Dr. Kaufman, a central witness in the plaintiff's case and one of two experts who testified on her behalf, also evaluated O.M.'s cognitive functioning, obtaining results similar to those of Papageorge, and discussed the appropriateness of various reading programs for O.M., including the LiPS and SPIRE programs.

*See* Objection at 8-9; *compare* Record, Vol. XIII at 2690-98, 2706-08 (Kaufman testimony) *with* Papageorge Decl. ¶¶ 5-13.  The defendant reasons that Ms. M. "should not now, unhappy with the [Kaufman] testimony . . . , be permitted to offer the testimony of another expert[,]" depriving the hearing officer of the opportunity to weigh and compare Papageorge's testimony with that of other experts.  Objection at 9.

The defendant's argument is persuasive.  "The valuation of expert testimony is precisely the sort of first-instance administrative determination that is entitled to judicial deference by the district court." *Sebastian M. v. King Philip Reg'l Sch. Dist.*, 685 F.3d 79, 86 (1st Cir. 2012).  The First Circuit has acknowledged that "[t]here could be some valid reasons for not presenting some or all expert testimony before the state agency[,]" for example, "[e]xperts are expensive – the parties at the state level may feel that their cases can be adequately made with less backup, especially since the administrative hearing in Massachusetts is conducted by an expert." *Burlington*, 736 F.2d at 791.  However, it has cautioned that, in ruling on motions to supplement an IDEA administrative record, "a court should weigh heavily the important concerns of not allowing a party to undercut the statutory role of administrative expertise, the unfairness involved in one party's reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources." *Id.*

Ms. M. emphasizes the relevance of the Papageorge testimony, but she fails to explain why she could not have offered it at hearing.  *See generally* Motion; Reply.  She argues that the evidence is not cumulative in that, whereas Dr. Kaufman evaluated O.M. prior to her receipt of either LiPS or SPIRE instruction, Papageorge evaluated her after she had received SPIRE instruction for the purpose of determining whether her skill set had stagnated or faltered.  *See* Reply at 6.  However, Papageorge, who only recently evaluated O.M., understandably does not focus on whether O.M.'s

8

skills stagnated or deteriorated but, rather, on whether, based on the results of her evaluation, SPIRE is an appropriate methodology for O.M. *versus* the LiPS and Seeing Stars programs. *See* Papageorge Decl. ¶¶ 11-13. The evidence fairly can be characterized as cumulative, in the sense that Dr. Kaufman addressed the same subject matter.

In short, Ms. M. offers expert evidence that seemingly could have been presented at hearing without explaining why it should be admitted for the first time now. Taking into account the "important concerns" articulated in *Burlington*, including "not allowing a party to undercut the statutory role of administrative expertise" and "the unfairness involved in one party's reserving its best evidence for trial," I conclude that she fails to provide the requisite "solid justification" for the supplementation of the record with the Papageorge testimony. *Burlington*, 736 F.2d at 791; *Roland M.*, 910 F.2d at 996; *see also, e.g., Roe v. Nevada*, 621 F. Supp.2d 1039, 1048 (D. Nev. 2007) (holding that expert's reports were not admissible to supplement administrative record in IDEA case when they were "[e]ssentially, . . . a post-hoc review of the Hearing Officer's decision, a task that is charged to this Court[,]" and "Plaintiffs present[ed] no argument why [the expert] did not testify in the underlying hearing, as his opinions would certainly have been relevant at that time").

### C. District's Requests To Depose Witnesses, Adduce Rebuttal Evidence

Having permitted Ms. M. to supplement the record with her testimony and that of Coffin, I grant, without objection, the District's request to depose Coffin, *see* Objection at 6 n.4; Motion at [6]-[7], and, based on Ms. M.'s representation that Coffin prepared no formal evaluation report, *see* Reply at 3 n.3, deem its request for a copy of said report moot. The deposition of Coffin, which shall be limited to the subject matter of her affidavit, shall be completed no later than August

28, 2015, and the transcript of that deposition shall be filed on ECF as soon as possible thereafter, superseding her affidavit.

On the showing made, I deny the District's catchall request to provide rebuttal evidence, which fails to detail the precise evidence it wishes to offer.  *See* Objection at 10.

Ms. M. argues that such evidence should be barred altogether on the basis that the District failed to file its own timely motion to supplement the record or, at the least, offer such evidence in conjunction with the filing of its objection.  *See* Reply at 4.  However, the District does represent that, according to its data, O.M. is making progress using SPIRE.  *See* Objection at 9-10.  For the sake of the completeness of the record, and as an aid to the court, I will permit the District an opportunity to file, no later than August 28, 2015, a motion to supplement the record with rebuttal evidence solely on the issue of O.M.'s progress using SPIRE.  The District shall detail the evidence that it wishes to file, which should be kept to the minimum needed to address the issue, and append copies of said evidence if feasible.  To the extent that the parties can agree on the rebuttal evidence to be submitted, they are encouraged to do so.

### IV.  Conclusion

For the foregoing reasons, I **GRANT** the Motion in part, with respect to the proffered testimony of Ms. M. and Coffin, and otherwise **DENY** it.  Ms. M. is **DIRECTED** to file her affidavit separately on ECF forthwith.  I further **GRANT**, without objection, the District's request to depose Coffin, **DEEM MOOT** its request for a copy of Coffin's evaluation report, as well as its requests to depose Papageorge and obtain a copy of her evaluation report, and **DENY** its request to supplement the record with rebuttal evidence, without prejudice to the renewal of that request in the form of a motion within the parameters discussed above, to be filed no later than August 28, 2015.  The deposition of Coffin, which shall be limited to the subject matter of her affidavit, shall

be completed no later than August 28, 2015, and the transcript of that deposition shall be filed on ECF as soon as possible thereafter, superseding her affidavit.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 7th day of August, 2015.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge