# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| Ms. M., *individually and as parent and legal guardian of O.M., a minor*, )<br>)<br>)<br>)<br>**Plaintiff** )<br>)<br>v. )<br>)<br>**FALMOUTH SCHOOL DEPARTMENT,** )<br>)<br>**Defendant** ) | **Civil No. 2:15-cv-16-DBH** |

## ORDER ON MOTION TO AMEND COMPLAINT

In this case, the First Circuit concluded that Falmouth School Department's third-grade individualized education program (IEP) for a student with Down Syndrome did not require the Specialized Program Individualizing Reading Excellence system (SPIRE). M. v. Falmouth Sch. Dep't, 847 F.3d 19 (1st Cir. 2017). On that point, it disagreed with the Hearing Officer, the Magistrate Judge, and the District Judge. As a result, the First Circuit reversed this court's decision that Falmouth's failure to provide SPIRE violated the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1414. The student now seeks to amend her complaint to assert that her IEP—as the First Circuit has interpreted it—was inappropriately designed due to its failure to include a structured reading program. Falmouth argues that any such argument is foreclosed by law of the case, or is waived, or is barred by the statute of limitations.

The plaintiff makes an interesting argument. Before the Hearing Officer she originally argued that her IEP was either inappropriately designed for failure

to include a structured reading program or that Falmouth failed to implement it. R. 2656. The Hearing Officer recognized the alternative arguments, but concluded that the IEP, although it did not explicitly refer to SPIRE, included SPIRE by virtue of the IEP team's announced determination to provide it, and that any subsequent failure to do so was a harmless procedural violation, R. 2663–69. The Magistrate Judge agreed. Recommended Findings of Fact & Conclusions of Law 32–40 (ECF No. 27). The First Circuit observed that on appeal to this district judge, "Notably, Falmouth did not file an objection to any part of the magistrate judge's report, including its conclusion that SPIRE formed a part of O.M.'s IEP." Falmouth Sch. Dep't, 847 F.3d at 25. I proceeded to treat SPIRE as part of the IEP, but concluded that the subsequent failure to provide it could *not* be treated as a harmless procedural violation. On appeal, the First Circuit rejected the student's argument that Falmouth had waived its ability to challenge the inclusion of SPIRE in the IEP by failing to object to that portion of the magistrate judge's report. The First Circuit reasoned that, because Falmouth won on the harmless procedural error issue, it "had no immediate reason to appeal" the ruling that SPIRE was part of the IEP. Falmouth Sch. Dep't, 847 F.3d at 26.

In the end, according to the First Circuit, Falmouth did "fairly raise" the issue in responding to the plaintiff's objections, and this court was aware of that challenge. Id. The First Circuit stated:

> after careful review we reach a contrary conclusion [to that of the hearing officer, magistrate judge and district judge] and find that O.M.'s IEP did not mandate that Falmouth use SPIRE, meaning the School Department neither breached the

2

> IEP's terms nor denied O.M. a FAPE [free appropriate public education] by foregoing such instruction.

Id. at 22. In its concluding paragraph the court added:

> Since we hold that O.M.'s IEP did not specify that she was to receive SPIRE instruction during her third-grade year, and because Ms. M. does not contend that Falmouth violated her daughter's IEP in any other way, it necessarily follows that Falmouth did not breach the IEP's terms and thus did not violate O.M.'s right to a FAPE. Accordingly, we REVERSE the district court's determination that Falmouth violated O. M.'s IEP and VACATE the accompanying damages award.

Id. at 29. The First Circuit denied a petition for rehearing and rehearing en banc. Order, M. v. Falmouth Sch. Dep't, No. 16-1877 (1st Cir. 2017).

Now the student seeks to use similar reasoning about lack of waiver so as to justify her motion to amend. Specifically, she points out that she *did* challenge before the hearing officer the content of the IEP if it lacked a SPIRE component, R. 2656, but that once the hearing officer ruled in her favor as to what the IEP included, she had no reason to, and could not, appeal that determination to the Magistrate Judge and to this court. Pl.'s Mot. to Amend 2–3 (ECF No. 45). All she could appeal was the Hearing Officer's and the Magistrate Judge's ruling that the subsequent failure to *implement* SPIRE was harmless procedural error. Now that the First Circuit has held conclusively that SPIRE was never part of the IEP and therefore that it was unnecessary to decide the harmless procedural error issue, the student maintains that she should be permitted to argue in this court (as she did before the Hearing Officer) that failure to include a structured

3

reading program in the IEP in the first place was error, and that law of the case and waiver do not preclude her from doing so.[1]

There is some technical appeal to the plaintiff's argument. But I cannot in good conscience grant the motion in light of the First Circuit's decision. First, the First Circuit did not remand for further proceedings consistent with its opinion, as if often does. Instead, it simply reversed this court's decision. Second, its language was very broad, ruling repeatedly that Falmouth did not violate the student's right to a FAPE. As a District Judge, it is incumbent upon me to obey the letter and the spirit of the ruling. I conclude that the First Circuit treated the dispute as ended, and that is law of the case. I therefore deny the motion to amend and direct the entry of judgment for the defendant. If I am incorrect, it is up to the plaintiff to seek a reversal of this ruling by appealing it to the First Circuit.

I **DENY** Falmouth's request for attorney fees and costs under 20 U.S.C. § 1415(i)(3)(B)(i)(II). The plaintiff's argument on the motion to amend, while unsuccessful, is not frivolous.

The motion to amend complaint is **DENIED**. Final judgment shall enter for the defendant.

**SO ORDERED.**

**DATED THIS 25TH DAY OF MAY, 2017**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[1] If the issue was properly raised originally and not waived, the statute of limitations would not bar her.